# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀ID Nos.⠀⠀⠀1901013794
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀1906005528
WILBUR MEDLEY,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)

## MEMORANDUM OPINION AND ORDER

*Upon Consideration of Defendant's Pro Se Motion for Postconviction Relief:*

## DENIED.

Wilbur Medley, SBI #00324345, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

Julia C. Mayer, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, *Attorney for the State of Delaware*.

Monika G. Germono, Esquire, Assistant Public Defender, DELAWARE OFFICE OF DEFENSE SERVICES, Wilmington, Delaware, *Trial Counsel*.

Anthony A. Figliola, Jr., Esquire, GRETO LAW, Wilmington, Delaware, *Sentencing Counsel*.

**RENNIE, J.**

## INTRODUCTION

After committing a string of break-ins and thefts from residences in New Castle, Delaware, Defendant Wilbur Medley ("Defendant") pled guilty to Burglary in the Second Degree and related charges and was sentenced. He has now filed a *pro se* Motion for Postconviction Relief (the "Motion"),[1] pursuant to Superior Court Rule of Criminal Procedure 61, to set aside that sentence. For the reasons set forth below, the Motion is denied.

## FACTUAL AND PROCEDURAL HISTORY

On November 20, 2018, Defendant sold an assortment of stolen power tools at a pawn shop. As part of the sale, he signed an agreement, in which he falsely stated that he legally owned the tools.

On April 29, 2019, based on Defendant's conduct at the pawn shop, a Superior Court grand jury indicted him on charges of (1) Receiving Stolen Property; (2) Selling Stolen Property; (3) three counts of Theft by False Pretense; and (4) two counts of Falsifying Business Records.[2]

On June 5, 2019, at night, Defendant broke into the garage of a New Castle residence and stole power tools. That same night, he broke into a second residence

---

[1] D.I.s 1901013794-96, 1906005528-123. Defendant subsequently supplemented the Motion in a memorandum submitted to the Court. D.I.s 1901013794-97, 1906005528-124.
[2] D.I. 1901013794-3.

and stole a bicycle. Then, he broke into a third residence through a basement window and left through a side door.

Three days later, on June 8, 2019, Defendant broke into a New Castle residence and stole a television and wall mount. That same day, he opened the back door to a second residence without removing any items. At a third residence, he climbed to the second story deck and pulled on the sliding doors, unable to gain entry.

On August 19, 2019, based on Defendant's conduct at these New Castle residences, a Superior Court grand jury indicted him on charges of (1) three counts of Burglary in the Second Degree; (2) two counts of Attempted Burglary in the Second Degree; (3) two counts of Burglary in the Third Degree; (4) three counts of Theft; (5) four counts of Attempted Theft; (6) two counts of Criminal Mischief; (7) Aggravated Possession; and (8) Resisting Arrest.[3]

On February 19, 2020, Defendant wrote a letter to this Court, in which he stated that his counsel, Monika G. Germono, Esquire ("Trial Counsel"), was providing ineffective assistance.[4]

On July 6, 2020, Defendant filed a *pro se* motion to dismiss, despite being represented by counsel.[5] On September 22, 2020, before he had entered a plea in

---

[3] D.I. 1906005528-3.
[4] D.I. 1906005528-24.
[5] D.I. 1906005528-32.

3

this case, he filed a *pro se* motion for ineffective assistance of counsel.[6]  On October 27, 2020, the Court denied the motions.[7]

On October 11, 2021, Defendant pled guilty to (1) Burglary in the Second Degree (Class D Violent Felony); (2) Attempted Burglary in the Second Degree (Class D Violent Felony); (3) Burglary in the Third Degree (Class E Violent Felony); (4) Selling Stolen Property (Class G Felony); and (5) Falsifying Business Records (Class A Misdemeanor).[8]  Sentencing was deferred for a later time, and a presentence investigation was ordered.[9]

On February 4, 2022, prior to sentencing, Trial Counsel filed a motion to withdraw as counsel.[10]  On February 9, 2022, Defendant filed a *pro se* petition for a writ of habeas corpus.[11]  On February 15, 2022, the Court denied that petition.[12]  On February 15, 2022, the Court granted Trial Counsel's motion to withdraw.  The Court stated that Defendant would be assigned conflict counsel.[13]

---

[6] D.I.s 1901013794-33, 1906005528-34.
[7] D.I. 1906005528-35.
[8] D.I.s 1901013794-40, 1901013794-54, 1901013794-67, 1906005528-43, 1906005528-55, 1906005528-94.  No trial was held.
[9] *See* D.I.s 1901013794-51, 1901013794-76, 1906005528-103.
[10] D.I.s 1901013794-58, 1906005528-85.  On February 8, 2022, Trial Counsel filed an amended motion to withdraw.  D.I.s 1901013794-59, 1906005528-86.
[11] D.I. 1906005528-87.
[12] D.I. 1906005528-90.
[13] D.I.s 1901013794-62, 1906005528-89.

On March 15, 2022, Defendant requested, by letter, that the Court allow him to proceed *pro se*, rather than wait for conflict counsel to be appointed.[14]  On March 17, 2022, the Court replied that it would schedule a hearing with him to discuss his intent to proceed *pro se*, if requested, but suspected that conflict counsel would be appointed before such a hearing could be scheduled.[15]  Then, conflict counsel Anthony A. Figliola, Jr., Esquire ("Sentencing Counsel"), was appointed to represent Defendant at sentencing.[16]

On April 25, 2022, Defendant filed his first motion to withdraw his guilty plea.[17]  On October 24, 2022, Defendant withdrew his first motion to withdraw his guilty plea.  Then, sentencing was delayed because Sentencing Counsel became unavailable for medical reasons.[18]

On December 20, 2022, Sentencing Counsel filed a motion to withdraw as counsel.[19]  On January 5, 2023, Defendant moved to proceed *pro se*.[20]  On January 9, 2023, the Court denied Sentencing Counsel's motion to withdraw.  On January

---

[14] D.I.s 1901013794-67, 1906005528-94.

[15] D.I.s 1901013794-68, 1906005528-95.

[16] *See* D.I. 1906005528-96.

[17] D.I.s 1901013794-69, 1906005528-96.

[18] At the October 24, 2022 hearing on Defendant's motion to withdraw his guilty plea, Sentencing Counsel stated that he was having his knee replaced on October 27, 2022, and would not be available until after December 12, 2022.  *State v. Medley*, ID Nos. 1901013794, 1906005480, 1906005528, at 44:7-11 (Del. Super. Oct. 24, 2022) (TRANSCRIPT); D.I.s 1901013794-72, 1906005528-99.

[19] D.I.s 1901013794-73, 1906005528-100.

[20] D.I.s 1901013794-74, 1906005528-101.

12, 2023, Defendant withdrew his motion to proceed *pro se*.[21] The Court scheduled Defendant's sentencing for January 20, 2023. However, sentencing was delayed again due to issues related to COVID-19 at the detention facility.

On February 17, 2023, this Court sentenced Defendant to (1) Burglary in the Second Degree, eight years of Level V supervision, suspended after four years for one year of Level IV supervision (Home Confinement), followed by eighteen months of Level III supervision (GPS); (2) Attempted Burglary in the Second Degree, eight years of Level V supervision, suspended for eighteen months of Level III supervision (GPS); (3) Burglary in the Third Degree, three years of Level V supervision, suspended for eighteen months of Level III supervision; (4) Selling Stolen Property, two years of Level V supervision, suspended for eighteen months of Level III supervision; and (5) Falsifying Business Records, one year of Level V supervision, suspended for one year of Level III supervision.[22]

On March 13, 2023, Defendant appealed his conviction to the Delaware Supreme Court.[23] Patrick Collins, Esquire, was appointed to represent Defendant in his direct appeal. On April 5, 2023, Defendant filed a *pro se* motion for sentence modification.[24]

---

[21] D.I.s 1901013794-75, 1906005528-102.
[22] D.I.s 1901013794-83, 1906005528-109. On March 21, 2023, and March 23, 2023, the Court modified Defendant's sentence order in a manner that does not affect this description. D.I.s 1901013794-84, 1901013794-87, 1906005528-110, 1906005528-113.
[23] *See* D.I. 1906005528-108.
[24] D.I.s 1901013794-90, 1906005528-116.

On May 1, 2023, Defendant filed the instant Motion, which includes allegations of ineffective assistance of counsel, violation of the right to a speedy sentence, and bias on the part of the sentencing judge.[25] On May 3, 2023, Defendant filed a memorandum to supplement the Motion[26] and voluntarily withdrew his appeal to the Supreme Court.[27]

On May 18, 2023, the Court denied Defendant's *pro se* motion for sentence modification.[28] On May 29, 2023, Defendant wrote a letter to this Court, in which he stated that he did not receive the sentence he requested and that he was entitled to credit time.[29]

On July 13, 2023, Sentencing Counsel filed an affidavit in response to Defendant's ineffective assistance allegations against him.[30] On July 18, 2023, Trial Counsel filed an affidavit in response to Defendant's ineffective assistance allegations against her.[31] On August 10, 2023, Defendant filed a *pro se* brief in response to Sentencing Counsel's affidavit.[32] On August 16, 2023, Defendant filed a *pro se* brief in response to Trial Counsel's affidavit.[33] On August 31, 2023, the

---

[25] D.I.s 1901013794-96, 1906005528-123.
[26] D.I.s 1901013794-97, 1906005528-124.
[27] D.I. 1906005528-122.
[28] D.I.s 1901013794-99, 1906005528-126. The court order was erroneously dated May 18, "2022." *Id.*
[29] D.I.s 1901013794-100, 1906005528-127.
[30] D.I.s 1901013794-103, 1906005528-131.
[31] D.I.s 1901013794-104, 1906005528-132.
[32] D.I.s 1901013794-106, 1906005528-134.
[33] D.I.s 1901013794-107, 1906005528-135.

State filed a brief in opposition to the Motion.[34]  On October 3, 2023, Defendant filed a *pro se* brief in further support of the Motion.[35]

This matter is now ripe for the Court to consider.

## LEGAL ANALYSIS

Superior Court Criminal Rule 61 provides the remedy for "a person in custody under a sentence of this court seeking to set aside the judgment of conviction." When evaluating a Rule 61 motion, this Court considers procedural requirements before substantive requirements.[36]  The motion must satisfy the procedural requirements of "timeliness, repetitiveness, procedural default, and former adjudication."[37]  These procedural requirements are considered on a claim-by-claim basis.[38]

The Court considers the procedural bars of procedural default and former adjudication separately with regard to each of Defendant's claims below.  In the Motion, Defendant raises three grounds for relief: (1) ineffective assistance of counsel; (2) speedy sentence violation; and (3) biased sentencing judge.

---

[34] D.I.s 1901013794-108, 1906005528-136.

[35] D.I.s 1901013794-109, 1906005528-137.

[36] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[37] *State v. Galindez*, 2022 WL 17076594, at *2 (Del. Super. Nov. 18, 2022); Super. Ct. Crim. R. 61(i)(1)-(4).  These procedural bars do not apply to a claim of lack of jurisdiction or which pleads with particularity new evidence of the defendant's actual innocence or an applicable new rule of constitutional law made retroactive on collateral review.  Super. Ct. Crim. R. 61(i)(5).

[38] *See Thomas v. State*, 1996 WL 663020 (Del. Super. Sept. 10, 1996) (analyzing postconviction motion procedural bars separately for each claim).

## A. Ineffective Assistance of Counsel

Procedurally, Defendant's ineffective assistance of counsel claims are not barred for procedural default. Ineffective assistance claims are not subject to Rule 61(i)(3)'s procedural default bar because they cannot be asserted in the proceedings leading to the judgment of conviction.[39] Further, the claims are not barred as formerly adjudicated. Defendant filed *pro se* papers alleging ineffective assistance of counsel by Trial Counsel on February 19, 2020, and September 22, 2020.[40] The second of these was made in the form of a motion, which the Court then denied on October 27, 2020.[41] That motion did not reference Trial Counsel's conduct related to the guilty plea, as that plea had not yet been entered.[42] Also, Defendant's claims against Sentencing Counsel have not previously been adjudicated. Hence, the ineffective assistance claims are not procedurally barred.

### 1. Trial Counsel

Defendant argues that Trial Counsel's representation was ineffective. He alleges that Trial Counsel misrepresented that she had contacted Detective Rodney Stern, a potential witness requested by Defendant, in order to convince Defendant to

---

[39] *Slaughter v. State*, 2022 WL 211378, at *1 (Del. Jan. 25, 2022) (quoting *Green v. State*, 238 A.3d 160, 175 (Del. 2020)).

[40] D.I.s 1901013794-33, 1906005528-24, 1906005528-34.

[41] D.I. 1906005528-35.

[42] *State v. Jones*, 2022 WL 2827004, at *6-7 (Del. Super. July 20, 2022) (quoting *Green*, 238 A.3d at 176) ("[T]he mere fact that a post-conviction claim might bear some resemblance to a formerly adjudicated claim does not trigger Rule 61(i)(4)'s bar.").

accept the guilty plea in this case. Defendant states that Detective Stern subsequently told Defendant that Trial Counsel had not contacted him.[43]

Trial Counsel responds that she did not coerce Defendant into entering a guilty plea. She states that Defendant initially told her not to contact Detective Stern, whose name was included within a list of potential witnesses that Defendant had shared with Trial Counsel. Trial Counsel states that she referred the investigation to an Office of Defense Services investigator to contact the individuals from the list. Trial Counsel asserts that the only individual from the list that she contacted herself was Defendant's sister and that Trial Counsel kept Defendant updated about the status of the outsourced investigation.[44]

The State asserts that Trial Counsel's representation was not ineffective and that Defendant has failed to establish that he was prejudiced by the representation.[45] Sentencing Counsel adds that "at the time of his initial plea Medley indicated he was satisfied" with Trial Counsel's representation.[46]

---

[43] D.I.s 1901013794-96, 1901013794-97, 1906005528-123, 1906005528-124. In the Motion, Defendant raises a "coerced guilty plea" claim, separate from his ineffective assistance of counsel claim. *Id.* However, both claims raise the same issues and facts, so the Court considers the coerced guilty plea allegations as part of Defendant's ineffective assistance of counsel claim.

[44] D.I.s 1901013794-104, 1906005528-132.

[45] D.I.s 1901013794-108, 1906005528-136. The State emphasizes that Defendant filed a motion to withdraw his guilty plea, but then withdrew that motion, allowing the case to proceed to sentencing. *Id.*

[46] D.I.s 1901013794-103, 1906005528-131.

To prevail on an ineffective assistance of counsel claim, the defendant must satisfy the two prongs of the *Strickland v. Washington* test.[47] The defendant must show that (1) the representation fell below an objective standard of reasonableness and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have differed.[48] When the ineffective assistance claim concerns a guilty plea, the defendant must show that, "but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial."[49]

Without concrete, substantiated allegations of actual prejudice, an ineffective assistance claim risks summary dismissal.[50] Further, "review of counsel's representation is subject to a strong presumption that counsel's conduct was professionally reasonable."[51] The question is whether trial counsel's conduct was adequate, not whether trial counsel could have performed better.[52]

A defendant's claim that he was coerced into accepting a guilty plea because his trial counsel allegedly misrepresented the length of his sentence "operates as a

---

[47] 466 U.S. 668 (1984).

[48] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

[49] *Slaughter v. State*, 2022 WL 211378, at *1 n.5 (Del. Jan. 25, 2022) (quoting *Miller v. State*, 840 A.2d 1229, 1231 (Del 2003)).

[50] *State v. Hohn*, 2015 WL 301982, at *2 (Del. Super. Jan. 21, 2015).

[51] *State v. Williams*, 2001 WL 1335719, at *1 (Del. Super. Oct. 25, 2001) (quoting *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)); *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996) ("Counsel's efforts enjoy a strong presumption of reasonableness.").

[52] *See Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997).

11

challenge to his guilty plea, which he waived when the guilty plea was accepted by the Court."[53] The defendant is bound by statements he made during the plea colloquy, absent "clear and convincing evidence that the defendant did not understand the plea agreement, that he was forced to accept the plea, or that he was not satisfied with trial counsel's representation."[54] Under *Strickland*, counsel's "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[55]

Defendant's ineffective assistance claim fails the *Strickland* test. He has not established that Trial Counsel's representation fell below an objective level of reasonableness or that, but for her alleged errors, Defendant would not have entered a guilty plea. Trial Counsel outsourced some of her factual investigation efforts to the Office of Defense Services investigator, a reasonable professional decision in the circumstances. Further, Trial Counsel remained in regular contact with the investigator and Defendant's sister during the time period in question. Defendant has failed to present any evidence, much less clear and convincing evidence, that but for Trial Counsel's alleged failure to contact Detective Stern, he would not have

---

[53] *State v. Marquin-Mendoza*, 2022 WL 2373864, at *5 (Del. Super. June 30, 2022).
[54] *Id.*
[55] *State v. Laster*, 2018 WL 1896488, at *2 (Del. Super. Apr. 16, 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984)).

12

pleaded guilty but instead would have insisted on going to trial. This glaring deficiency in the record requires that Defendant's ineffective assistance claim fails.

## 2. Sentencing Counsel

Next, Defendant argues that Sentencing Counsel provided ineffective representation. He alleges that Sentencing Counsel (1) gave away his case file; (2) refused to call witnesses that Defendant mentioned; (3) argued ineffectively; and (4) misrepresented to Defendant what witnesses had told Sentencing Counsel and whether the duress defense was available.[56]

Sentencing Counsel maintains that, even though he made an error in delivering Defendant's case file to his sister, his representation was otherwise effective. First, he explains that Defendant asked him to give certain discovery materials to Defendant's sister for copying. Sentencing Counsel believes that he sent her the full case file by accident. A representative from Sussex Correctional Institution, Defendant's detention facility at the time, told Sentencing Counsel that a large box of discovery files that was mailed to Defendant had been recovered. Sentencing Counsel thinks that this box may have contained Defendant's case file. Yet the case file was never returned.[57]

---

[56] D.I.s 1901013794-96, 1901013794-97, 1906005528-123, 1906005528-124.
[57] D.I.s 1901013794-103, 1906005528-131.

13

Second, Sentencing Counsel describes his attempts to contact potential witnesses named by Defendant. Sentencing Counsel states that he followed up on information from Defendant about potential witnesses. One potential witness had died. Another potential witness indicated that she could only communicate with him by Facebook Messenger or email. When Sentencing Counsel replied to the potential witness that he does not have a Facebook account, but offered to talk by phone, she did not discuss Defendant's case. Separately, Sentencing Counsel contacted Detective Stern, who stated that he had received information about alleged threats to Defendant. Detective Stern passed on this information to a second detective, who, after investigation, determined that Defendant's allegations lacked merit.[58]

Third, Sentencing Counsel states that, after reviewing the police reports and a transcript of the plea hearing, he determined that Defendant's motion to withdraw his guilty plea was not in Defendant's best interests. Nonetheless, after Defendant requested that they proceed with the motion, Sentencing Counsel filed the motion. Eventually, Defendant withdrew that motion. Sentencing Counsel emphasizes that Defendant ultimately received a sentence of four years of Level V supervision, rather than the five years of Level V supervision that the State had previously sought. He

---

[58] *Id.*

14

argues that Defendant's withdrawal of his motion to withdraw the guilty plea indicates that Defendant was satisfied with the terms of his plea.[59]

Fourth, Sentencing Counsel states that he explained to Defendant that the duress defense would have been difficult to prove, given the factual record in the case. He states that he was in constant communication with Defendant about this during his representation.[60]

The State argues that Sentencing Counsel's representation was not ineffective and that Defendant has failed to establish prejudice.[61]

After considering Defendant's arguments and the record in this case, the Court finds that Defendant has not shown that Sentencing Counsel's representation fell below an objective standard of reasonableness. Sentencing Counsel erroneously delivered Defendant's case file to his sister, which was then lost, and he was unable to make contact with a potential witness requested by Defendant. Nonetheless, he ultimately secured a more lenient sentence for Defendant than what the State had originally sought. Also, Defendant's allegation that Sentencing Counsel failed to describe the duress defense to him is implausible and does not serve as a valid basis for his ineffective assistance claim. Notably, Sentencing Counsel was not appointed

---

[59] *Id.*
[60] *Id.*
[61] D.I.s 1901013794-108, 1906005528-136.

until after Defendant had pled guilty, so he need not have described defenses that would potentially have been available at a trial.

Defendant has not shown that his sentence in this case would have differed if not for Sentencing Counsel's errors. He moved to withdraw his guilty plea and to proceed *pro se*, but then withdrew those motions before the Court could rule on them, so his challenge to Sentencing Counsel's conduct is directed at the outcome of his sentencing, rather than at the overall outcome of the litigation. To be sure, Defendant does not allege that the outcome of the litigation would have been more favorable if not for Sentencing Counsel's errors. Hence, Defendant has not overcome the strong presumption that Sentencing Counsel's conduct was professionally reasonable. Therefore, his ineffective assistance claim fails.

## B. Speedy Sentence Violation

Defendant argues that his right to a speedy sentence was violated because he pled guilty on October 11, 2021, but was not sentenced until February 17, 2023.[62] The State argues that Defendant's claim is procedurally barred for procedural default. In the State's view, Defendant waived this claim when he failed to raise the argument and have it addressed in his direct appeal to the Supreme Court, which was voluntarily withdrawn.[63] Sentencing Counsel argues that the delay in Defendant's

---

[62] D.I.s 1901013794-96, 1901013794-97, 1906005528-123, 1906005528-124.
[63] D.I.s 1901013794-108, 1906005528-136.

16

sentencing "must be attributed totally to Medley" because his motion to withdraw his guilty plea, and the attendant motion practice, created the delay.[64]

When a defendant raises a ground for relief in his postconviction motion that was not raised in the proceedings that led to his judgment of conviction, that ground is barred for procedural default unless he shows cause for relief or prejudice. For instance, if the defendant failed to assert a claim in his direct appeal, but asserts that claim in his postconviction motion, he must provide justification for this procedural default.[65]

Defendant appealed his sentence to the Supreme Court on March 13, 2023, but he did not raise the issue of delayed sentencing in that appeal. This failure to raise delayed sentencing in his direct appeal procedurally bars him from raising it for the first time in the Motion. And he has not established any cause for relief from this procedural default or any prejudice that resulted from a violation of his rights. Accordingly, his speedy sentence violation claim is procedurally barred.

## C. Biased Sentencing Judge

Defendant argues that Sentencing Judge had a "closed mind" when she sentenced him in this case. He asserts that Sentencing Judge was biased because, before becoming a judge, she worked as a colleague with a victim in this case at the

---

[64] D.I.s 1901013794-103, 1906005528-131.
[65] Super Ct. Crim. R. 61(i)(3); *Browne v. State*, 2003 WL 21364452, at *1-2 (Del. June 9, 2003).

17

Delaware Department of Justice.[66] Incredibly, Defendant makes this argument even though Sentencing Judge followed the parties' agreed upon sentence recommendation and imposed the very sentence that Defendant had negotiated.[67]

Defendant did not raise this bias claim before he pled guilty, at sentencing, or on direct appeal. And he has not shown that he was impeded from making the claim or has just cause for relief from this procedural default. As a result, Defendant is now procedurally barred from raising it as a Rule 61 postconviction claim.[68]

## CONCLUSION

After reviewing the Motion, record, and sentence in this case, the Court finds that Defendant's postconviction claims lack merit. He has not shown that the representations by Trial Counsel and Sentencing Counsel fell below an objective

---

[66] D.I.s 1901013794-96, 1901013794-97, 1906005528-123, 1906005528-124.

[67] D.I.s 19010137954-54, 1906005528-55 ("The State will not recommend more than 5 years of unsuspended level V."); D.I.s 1901013794-83, 1906005528-109 (Defendant received four years of unsuspended Level V time).

[68] *See* Super. Ct. Crim. R. 61(i)(3) ("Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights."). By contrast, Defendant did raise a bias claim involving another judge but failed to take up that issue on direct appeal. On February 7, 2020, Trial Counsel wrote a letter to the Court, in which she stated that the appearance of a conflict of interest had been created because the presiding judge (a judge other than Sentencing Judge) had worked at the Delaware Department of Justice with a victim in one of the cases. D.I. 1906005528-21. On February 11, 2020, that judge responded that there was no conflict of interest under *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991), because over sixteen years had passed since the two worked together. D.I. 1906005528-23. Understandably, Defendant did not raise that claim as one of his postconviction claims because he would be barred from doing so pursuant to Rule 61(i)(4). Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding is thereafter barred.").

standard of reasonableness, and his claims that his right to a speedy sentence was violated and that Sentencing Judge sentenced him with a closed mind are procedurally barred. Hence, the Motion is **DENIED.**

    **IT IS SO ORDERED,** this 28th day of March, 2024.

_____
Sheldon K. Rennie, Judge